```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br>    Plaintiff<br><br>    v.<br><br>CONSIGLI CONSTRUCTION COMPANY, INC., THE ARCHITECTURAL TEAM, INC., SAGAMORE PLUMBING & HEATING, INC., CENTRAL CEILINGS, INC., and STOCK BUILDING SUPPLY, LLC,<br>    Defendants.<br><br>and<br><br>CONSIGLI CONSTRUCTION COMPANY, INC.,<br>    Defendant/ Third-Party Plaintiff<br><br>    v.<br><br>CENTRAL CEILINGS, INC.,<br>    Third-Party Defendant. | C.A. No. 14-14687-MLW |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                                March 22, 2017

In a December 8, 2016 Report and Recommendations (the "R & R") the Magistrate Judge recommended that the court: (1) retain jurisdiction of defendant Consigli Construction Company, Inc.'s ("Consigli") claims against Central Ceilings Inc. ("Central"), Sagamore Plumbing & Heating, Inc. ("Sagamore"), and Stock Building

Supply, LLC. ("Stock"); and (2) grant partial summary judgment ordering Central and Sagamore, but not Stock, to defend plaintiff Philadelphia Indemnity Insurance Company's ("Philadelphia Indemnity") claims against Consigli.

Consigli, Central, and Sagamore filed objections to the Report and Recommendation, in part based on the proposed finding that Stock does not have a duty to defend the claims against Consigli. Stock replied to those objections. Consigli also replied to certain objections.

The court has reviewed de novo the parts of the Magistrate Judge's recommendation to which a proper objection has been filed. See F.R.Civ.P. 72(b)(3). The court finds the Report and Recommendation to be properly reasoned and persuasive except with regard to the proposed denial of Consigli's motion for partial summary judgment seeking an order that Stock defend Philadelphia Indemnity's claims against Consigli. Therefore, the court is granting Consigli's motions for partial summary judgment against Central, Stock, and Sagamore.

No party has objected to the Magistrate Judge's recommendation that despite the identical forum selection clauses in each relevant contract: this court has jurisdiction concerning Consigli's claims against Sagamore, Central, and Stock; the court has the discretion to require that these claims be litigated in

2

this case; and that the court should exercise that discretion to do so. In any event, the Magistrate Judge's interpretation of the law on these issues is correct and her reasoning is persuasive. See e.g. Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc., 677 F. Supp. 2d 373, 378 (D.Mass.2009); Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 388 n.6 (1st Cir. 2001).

Upon de novo review, the court finds the Magistrate Judge's analysis to be correct concerning the duty of Central and Sagamore to defend Consigli with regard to Philadelphia Indemnity's claims against it. The Report and Recommendation on these issues is, therefore, being adopted.

The court finds, however, that the Magistrate Judge made an error of law that contributed to her recommendation that this court should find that Stock does not also have a duty to defend. The identical subcontract agreements in this case each, in pertinent part, require the subcontractor to "defend...the Contractor from any and all claims...and causes of action by any party arising out of...the Subcontractor's work." Docket No. 116, Exhibit 1, Article 4A.

The Magistrate Judge correctly concluded that a duty to defend is distinct from a duty to indemnify and requires that a defense be provided when a covered claim is made. See Miley v. Johnson & Johnson Orthopaedics, Inc., 41 Mass. App. Ct. 30, 34 (1996); Urban

3

Inv. & Dev. Co., 35 Mass. App. Ct. 100, 107 (1993). In addition, the Magistrate Judge rightly recognized that whether a claim is covered by a duty to defend clause is determined by reference to the allegations in the complaint. See Siebe, Inc. v. Louis M. Gerson Co., Inc., 74 Mass. App.Ct. 544, 552-553(2009).

The Magistrate Judge erred, however, in evaluating the reasonableness of the allegations against Stock and, in effect, finding them implausible. Stock was allegedly responsible for the "rough framing" work done on the building at issue, in which water pipes burst and caused substantial damage. In recommending that Stock does not have a duty to defend Consigli against Philadelphia Indemnity's claims, the Magistrate Judge wrote:

> There are no allegations describing how the rough framing work led to the negligent installation of plumbing or insulation at the Property or otherwise caused the pipes to freeze. As Stock argued in its papers, "[e]ven with a layperson's understanding of sequencing work, a subcontractor performing rough framing would not even have the opportunity to see how the water piping was installed as the former would be completed before the latter work started." Without some indication as to how Stock Building's actions related to Plaintiff's losses, the Second Amended Complaint cannot reasonably be construed as giving rise to a duty by Stock Building to defend Consigli in this case.

R & R at 23. (internal citation to the record omitted.)

In reaching this conclusion, the Magistrate Judge evidently construed the standard for determining whether a duty to defend exists to be comparable to the standard for granting a motion to

4

dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires that the facts alleged state a claim that is plausible rather than merely possible. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In doing so, the Magistrate Judge misconstrued, or misapplied, the reasonableness test concerning the duty to defend. As explained in the analogous context of an insurance company's duty to defend, "[i]t is settled [law] in [Massachusetts] that the question of the initial duty...to defend...is decided by matching the third-party complaint with the policy provisions: if the allegations in the complaint are 'reasonably susceptible' of an interpretation that they state or adumbrate a claim covered by the policy terms," a duty to defend exists. Sterilite Corp. v. Continental Cas. Co., 17 Mass.App.Ct. 316, 318 (1983).

In 2010, the Massachusetts Supreme Judicial Court re-affirmed and amplified this principle, writing that:

> An insurer has a duty to defend an insured when the allegations in a complaint are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms. Ruggerio Ambulance Serv., Inc. v. National Grange Mut. Ins. Co., 430 Mass. 794, 796, 724 N.E.2d 295 (2000). The duty to defend is determined based on the facts alleged in the complaint, and on facts known or readily knowable by the insurer that may aid in its interpretation of the allegations in the complaint. See Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 10-11, 545 N.E.2d 1156 (1989); Desrosiers v. Royal Ins. Co., 393 Mass. 37, 40, 468 N.E.2d 625 (1984). "In order

5

> for the duty of defense to arise, the underlying complaint need only show, through general allegations, a possibility that the liability claim falls within the insurance coverage. There is no requirement that the facts alleged in the complaint specifically and unequivocally make out a claim within the coverage." <u>Sterilite Corp. v. Continental Cas. Co.</u>, 17 Mass.App.Ct. 316 at 319, quoting <u>Union Mut. Fire Ins. Co. v. Topsham</u>, 441 A.2d 1012, 1015 (Me.1982).

<u>Billings v. Commerce Insurance Company</u>, 458 Mass. 194, 200 (2010).

Applying these principles to the allegations in the Complaint, the Court held that, "[t]he fact that the complaint in the 2000 action did not state a claim for defamation, libel, or slander is not decisive in determining whether it is reasonably susceptible to an interpretation that states or roughly sketches a claim for damages because of 'personal injury' arising from 'libel, slander or defamation of character.'" <u>Id</u>. at 201. Therefore, in <u>Billings</u> the Supreme Judicial Court confirmed that the duty to defend exists if the allegations of the complaint create a reasonable possibility that coverage exists for a particular claim and that duty must be discharged even if the complaint fails to state a claim on which relief could be granted because the allegations are deemed by the court to be implausible or unreasonable. <u>See also</u> <u>Siebe</u>, 74 Mass. App.Ct. at 553-554(using Massachusetts law to interpret Rhode Island law because both apply the "pleadings test" to determine if there is a duty to defend, and stating that "[t]he obligation to

6

defend exists even though the claim against the insured appears to lack merit...").

As explained earlier, in this case the applicable indemnity clause requires Stock to "defend... [Consigli] from any and all claims...and causes of action by any party arising out of...[Stock's] work." Docket No.116, Ex. 1, Article 4A. Philadelphia Indemnity's Second Amended Complaint against Consigli, Stock, and Central alleges, in pertinent part, that:

> 95. At all times material hereto, defendant Stock acted through its duly authorized agents, servants and employees and therefore is vicariously liable for their actions and inactions.
>
> 96. Defendant Stock was a subcontractor responsible for, among other things, the installation of rough framing as part of the construction of the condominiums at the Property.
>
> 97. Defendant Stock had a duty to exercise reasonable care in its construction activities during the construction of the condominiums at the Property including the installation of rough framing to ensure that the water piping in the Property was reasonably safe for its intended use and was not exposed to freezing temperatures.
>
> 98. Defendant Stock breached its duty by failing to exercise reasonable care in its construction activities at the Property to ensure that its framing work did not leave water supply piping exposed to freezing temperatures.

>    99. The aforesaid negligence, carelessness, recklessness and negligent acts and/or omissions of defendant Stock were the direct and proximate cause of the January 24, 2014 pipe freeze up and resulting damages sustained by plaintiff's insured.
>
>    100. As a direct and proximate result of the negligence of defendant Stock, plaintiff's insured suffered significant water damage to its Property for which plaintiff, Philadelphia, has made, and will make, payments to its insured.

These allegations state a claim based on Stock's alleged work for which Consigli, as the General Contractor, and Stock, as subcontractor, could possibly be held jointly liable. They are squarely covered by the indemnity clause. Therefore, the "reasonable susceptibility" test is not relevant in this case. In any event, that test does not provide the court the authority to evaluate the reasonableness, or the plausibility, of the allegations in deciding whether Stock has a duty to defend Consigli.

Moreover, it is not evident to this court that the claim that Stock's "rough framing" work, if performed negligently, could not have caused or contributed to the pipes freezing and bursting. Stock did not file a motion to dismiss or motion for summary judgment on this issue. There is no record from which a court could properly find that Stock's work could not have contributed to the pipes bursting, and this factual issue

8

is not a proper subject for judicial notice. See, e.g., F.R.Ev. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

In any event, as explained earlier, the duty to defend exists even if allegations fail to state a claim for which relief can be granted. See Billings, 458 Mass. at 201. Because the claims against Consigli arising out of Stock's allegedly negligent work are covered by the indemnity clause in the agreement between them, Consigli's request that Stock be ordered to defend Philadelphia Indemnity's claim against Consigli is meritorious.

In view of the foregoing, it is hereby ORDERED that:

1. The Report and Recommendation (Docket No. 126) is ADOPTED in part and MODIFIED in part.

2. Consigli's motions for partial summary judgment requesting that Central (Docket No. 77), Stock (Docket No. 80) and Sagamore (Docket No. 84) be ordered to defend Consigli in this action are each ALLOWED.

9

3. Central, Stock, and Sagamore shall provide such defense of Consigli forthwith.

4. The parties shall confer and in the report previously ordered by the Magistrate Judge to be filed by June 9, 2017, see Docket No. 141, state whether, if this case is not settled, they agree to have it reassigned to the Magistrate Judge for all purposes, including trial.

_____
UNITED STATES DISTRICT JUDGE