UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE CO.,<br>    Plaintiff,<br><br>       v.<br><br>CONSIGLI CONSTRUCTION CO., INC., THE ARCHITECTURAL TEAM, INC., SAGAMORE PLUMBING & HEATING, INC., CENTRAL CEILINGS, INC., STOCK BUILDING SUPPLY, LLC, and DIRECT BUILDERS, INC.,<br>    Defendants.<hr>and<br><br>CONSIGLI CONSTRUCTION CO., INC.,<br>    Defendant/Third-Party Plaintiff,<br><br>       v.<br><br>CENTRAL CEILINGS, INC., SAGAMORE PLUMBING & HEATING, INC., STOCK BUILDING SUPPLY, LLC, THE ARCHITECTURAL TEAM, INC., DIRECT BUILDINGS, INC.<br>    Third-Party Defendants.<hr>and<br><br>STOCK BUILDING SUPPLY, LLC,<br>    Defendant/Third-Party Plaintiff,<br><br>       v.<br><br>DIRECT BUILDERS, INC. and PENN AMERICAN INSURANCE CO.,<br>    Third-Party Defendants. | C.A. No. 14-14687-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 23, 2018

This is a subrogation action regarding payment for water damage resulting from burst pipes in a condominium building owned by The Freeman Street Condominium Trust (the "Trust"). Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") paid its insured, the Trust, under the terms of its insurance policy for the damage. Philadelphia then sued numerous entities involved in the construction of the building for indemnification, including general contractor Consigli Construction Company, Inc. ("Consigli"), framing subcontractor Stock Building Supply, LLC ("Stock"), and rough framing subcontractor Direct Builders, Inc. ("Direct"). Philadelphia has since settled and dismissed its claims against all defendants.

Remaining are defendant and third-party plaintiff Stock's cross-claims against Direct and its insurer, Penn American Insurance Co. ("Penn"), alleging that Direct and Penn have a duty to defend Stock.[1] The court previously held, on March 22, 2017, that several subcontractors, including Stock, must defend the general contractor Consigli in Philadelphia's claims against

---

[1] The duty to defend is distinct from the duty to indemnify, which the parties have resolved by agreement. See Docket No. 166 at 3 n.2.

Consigli. Stock, in turn, filed a third-party complaint against Direct and Penn seeking to have them defend, indemnify, and hold Stock harmless with respect to both Philadelphia's and Consigli's claims against Stock.

Now before the court are Stock's Motion for Partial Summary Judgment as to Its Cross-Claim Against Direct and Direct's Cross-Motion for Summary Judgment Against Stock. The Magistrate Judge issued a Report and Recommendation on February 2, 2018, recommending that the court: (1) allow Stock's Motion for Partial Summary Judgment on Counts I, II, and III of its third-party complaint, insofar as it relates to Direct's duty to defend Stock; and (2) deny Direct's Cross-Motion for Summary Judgment. The deadline for the parties to file objections to the Report and Recommendation has passed. No objections were filed.

Where no objections have been filed to a report and recommendation, the court is not required to engage in de novo review, or even in "some lesser standard" of review. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985); 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the court is encouraged "to afford some level of review to dispositive legal issues." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). Accordingly, the court has given "reasoned consideration" to the Magistrate Judge's Report and Recommendation. See id. The court finds it to be

thorough, thoughtful, and persuasive. Therefore, the Report and Recommendation is being adopted.

In view of the foregoing, it is hereby ORDERED that:

1. The attached Magistrate Judge's Report and Recommendation (Docket No. 166) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636.

2. Stock's Motion for Partial Summary Judgment as to Its Cross-Claim Against Direct Builders, Inc. (Docket No. 148) is ALLOWED to the extent that it relates to Direct's duty to defend Stock in Philadelphia's and Consigli's claims against Stock.

3. Direct shall provide such defense of Stock forthwith.

4. Direct's Cross-Motion for Summary Judgment Against Stock Building Supply, LLC (Docket No. 154) is DENIED.

5. This case remains referred to the Magistrate Judge for all pretrial purposes.

/s/ Charles P. Nay
UNITED STATES DISTRICT JUDGE